IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD J. LANDRENEAU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2144 |
| | § | |
| DALE M. GORCZYNSKI, and HARRIS | § | |
| COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Dale M. Gorczynski and Harris County, Texas's Motion to Dismiss and Motion for Summary Judgment on Harold J. Landreneau's ("Plaintiff") Defamation Cause of Action (Document No. 53) and Motion for Partial Summary Judgment on Plaintiff's Retaliation Claims (Document No. 56). After carefully considering the motions, responses, replies, and the applicable law, the Court concludes for the reasons that follow that the defamation action should be dismissed and the summary judgment motion on retaliation should be granted in part.

I. Background

This is an employment dispute. Plaintiff Harold J. Landreneau served as Chief Justice Court Clerk for Harris County Justice of the Peace Court, Precinct 1, Place 1 ("JP-1-1"). As Chief Clerk, Plaintiff reported directly to Defendant Judge Dale M. Gorczynski ("Judge Gorczynski"). Both Plaintiff and Judge Gorczynski are

employed by Defendant Harris County (collectively with Judge Gorczynski, "Defendants").

Judge Gorczynski hired Plaintiff to work for him in 1993, and promoted Plaintiff to Chief Clerk in 1999.  According to both parties, they enjoyed an amicable working relationship for many years.  Plaintiff had numerous responsibilities as Chief Clerk, including (1) serving as chief administrative officer for the court; (2) supervising all twenty-six court clerks; (3) performing legal research and troubleshooting potential legal problems with Assistant County Attorneys; (4) training JP-1-1 staff; (5) training staff from other courts through the Texas Justice Court Training Center ("TJCTC"); and (6) serving as the liaison between the court and the offices of the Harris County Attorney, Harris County Auditor, and Harris County District Attorney.  Document No. 56, ex. A, deposition exhibit #4.

In early March 2007, Plaintiff was in Corpus Christi teaching for the TJCTC.  Document No. 56, ex. A at 89-91 (Landreneau Depo.).  The classes ended on Thursday, March 8th, and Plaintiff took a vacation day on Friday, March 9th.  Id., ex. A at 89-91 (Landreneau Depo.).  The following Monday, March 12th, Plaintiff called in sick.  Id., ex. A at 91.  Judge Gorczynski requested that Plaintiff bring a doctor's note when he returned to work.  Id., ex. A at 91-92.  On Tuesday, Plaintiff returned to work without a doctor's note and left work early to get one.  Id., ex. A at 93-94.  That

afternoon, Plaintiff's doctor faxed a note to the court stating: "Please excuse [Plaintiff] from 3/12 until further notice." <u>Id.</u>, ex. A at 104; deposition exhibit #11.   On March 16th, Martin Armendariz, one of Plaintiff's subordinates, executed a form entitled "Notice of Employee Responsibilities and Requirements" stating that Plaintiff's leave was covered by the Family and Medical Leave Act ("FMLA"), and would be backdated to March 12, 2007.  Document No. 69, ex. 3 (FMLA notice).

While Plaintiff was on leave, Judge Gorczynski told two of Plaintiff's subordinates, Armendariz and Than Vu, to audit the sick leave records of Plaintiff and all other employees.  When Plaintiff returned to work on April 4th, Judge Gorczynski presented the results of the sick leave audit to Plaintiff, and asked Plaintiff to provide an explanation at a later meeting.   <u>Id.</u>, ex. A, deposition exhibit #15 (sick leave audit); ex. A at 116-17 (Landreneau Depo.); ex. B at 45-47 (Gorczynski Depo.).  The next day, April 5th, Plaintiff and Judge Gorczynski met to discuss the audit.   <u>Id.</u>, ex. A at 131 (Landreneau Depo.); ex. B at 47 (Gorczynski Depo.).   During their meeting, Judge Gorczynski expressed his belief that Plaintiff had abused the use of sick time, commenting that Plaintiff seemed not to have been "plugged into" the Court since September 2006.   <u>Id.</u>, ex. A at 136 (Landreneau Depo.).   Judge Gorczynski also asked Plaintiff if he "still want[ed] to be Chief Clerk."   <u>Id.</u>, ex. A at 141 (Landreneau

Depo.).  Plaintiff then asked Judge Gorczynski if the Judge wanted Plaintiff to quit; the Judge said "no."  Id., ex. A at 149 (Landreneau Depo.).  Judge Gorczynski told Plaintiff that he was not going to teach at the TJCTC that month, and said that he had some training exercises for Plaintiff.  Id., ex. B at 56-57 (Gorczynski Depo.).  Gorczynski then assigned Plaintiff to his subordinate, Alan Cerny, with orders that Cerny instruct Plaintiff in all the workings of the JP court's Civil Department, from the lowest to highest levels.  Id., ex. B at 53, 56-57 (Gorczynski Depo.).  Judge Gorczynski called this assignment "cross-training." He told Cerny that Plaintiff was still Chief Clerk and should be treated with respect, then added that "[i]f [Plaintiff] gives you any crap, then you need to come tell me right away."  Id., ex. B at 57-58 (Gorczynski Depo.).  Plaintiff questioned the reasons for this change, which he viewed as retaliation for taking FMLA leave. Document No. 56, ex. B at 47 (Gorczynski Depo.).  Judge Gorczynski denied that the cross-training was punishment, but told Plaintiff, "I understand if you feel that way.  You're entitled to feel that way if you want."  Id., ex. B at 54 (Gorczynski Depo.); Document No. 69, ex. 1 at 141 (Landreneau Depo.).

Plaintiff completed his training in the Civil Department on June 28, 2007.  Id., ex. A at 159-60 (Landreneau Depo.).  On July 2, 2007, Plaintiff filed this lawsuit.  See Document No. 1 (Original Complaint).  Sometime after, Judge Gorczynski told

4

Plaintiff that he could no longer adjust his work schedule to earn "comp" time.  Document No. 56, ex. A at 160-68 (Landreneau Depo.). On July 24th, Plaintiff filed a grievance against Judge Gorczynski pursuant to the Harris County personnel regulations alleging that the Judge was improperly denying him the right to earn comp time. Document No. 56, ex. A, deposition exhibit #31.

On August 18, 2007, Plaintiff requested FMLA leave for September 14 thru October 1, 2007, immediately following his Hawaiian vacation that ended on September 14th.  Id., ex. A, deposition exhibits 29-30; ex. A at 184-188 (Landreneau Depo.). Judge Gorczynski approved the leave.  At no point did Judge Gorczynski or any Harris County employee tell Plaintiff that he was ineligible for FMLA.

Plaintiff returned from FMLA leave on October 1, 2007, the same day he filed an "Appointment of a Campaign Treasurer by a Candidate" report, which formally began his campaign against Judge Gorczynski for the judgship of JP-1-1.  Id., ex. A, deposition exhibit #35, 37; ex. A at 214-220 (Landreneau Depo.).  On October 3rd, Plaintiff had lunch with Judge Delgado, another Justice of the Peace, and told her that he was running against Judge Gorczynski for JP-1-1.  Id., ex. G at 1 (Delgado affidavit).  Judge Delgado called Judge Gorczynski the next day to tell Gorczynski about Plaintiff's candidacy.  Id., ex. B at 101, 103-04 (Gorczynski Depo.).  Judge Gorczynski had previously heard from Vu that

5

Plaintiff was planning to run against him, and the Judge had
suspected as much for several months. <u>Id.</u>, ex. B at 89-90
(Gorczynski Depo.); Document No. 69, ex. 6 at 37-39 (Vu Depo.). On
October 4th, Plaintiff sent an email formally announcing his
candidacy for JP-1-1. Document No. 56, ex. A, deposition exhibit
# 27. Cerny delivered a copy of the email to Judge Gorczynski on
October 5th, and Gorczynski terminated Plaintiff that afternoon.
<u>Id.</u>, ex. C at 46 (Cerny Depo.).

Plaintiff asserts three causes of action against Defendants:
(1) retaliation under the FMLA; (2) retaliation under Texas Local
Government Code § 160.006; and (3) defamation. *See* Document No. 45
(Third Amended Complaint). Defendants move to dismiss or for
summary judgment on Plaintiff's defamation claims and for summary
judgment on Plaintiff's retaliation claims (Document Nos. 53, 56).

## II.  <u>Discussion</u>

### A.  <u>Motion to Dismiss and Motion for Summary Judgment on Plaintiff's Defamation Cause of Action</u>

Defendants assert that Plaintiff's defamation claim should be
dismissed pursuant to Texas Civil Practices and Remedies Code
§ 101.106(e), a part of the Texas Tort Claims Act. Document No. 53
at 2. According to Defendants, Plaintiff's Original Complaint made
an "irrevokable election" under section 101.106(e) by seeking
relief from Harris County, and thus his defamation claim against

6

Gorczynski must be dismissed.  Id.  Mission Consolidated Independent School District v. Garcia, 253 S.W.3d 653 (Tex. 2008), recently resolved the uncertainty on whether the 2003 amendments to the Texas Tort Claims Act made intentional torts, like defamation, subject to the Act.  See Meadours v. Ermel, 483 F.3d 417, 424 (5th Cir. 2007) (stating that Texas Supreme Court precedent left it "uncertain" as to whether the Texas Tort Claims Act applied to intentional torts).  Garcia clarified that "all tort theories alleged against a government unit" fall within the scope of the Texas Tort Claims Act.  Id. at 659; see also Pearlman v. City of Fort Worth, No. 4:08-CV-393-A, 2008 WL 4787650, at *3-4 (N.D. Tex. Oct. 30, 2008) (recognizing the holding in Garcia that the Texas Tort Claims Act covers intentional torts brought against state government entities).  Thus, because Plaintiff sued Harris County for a tort in his Original Petition, the Texas Tort Claims Act bars Plaintiff's defamation claim against Judge Gorczynski individually.  See Pearlman, No. 4:08-CV-393-A, 2008 WL 4787650, at *3-4. Plaintiff now concedes that Garcia destroys the viability of his defamation claim.  Document No. 59 at 4 (citing Garcia, 253 S.W.3d at 659).[1]  Accordingly, Plaintiff's defamation claim is dismissed.

---

[1] The parties have opposing views on whether Plaintiff's defamation claim was based on Gorczynski's statements made only before he terminated Plaintiff or both before and after he terminated Plaintiff.  That question need not be answered here in view of the required dismissal of the intentional tort claim.

B.  <u>Motion for Summary Judgment on Plaintiff's Retaliation
    Claims</u>

1.  <u>Standard</u>

Rule 56(c) provides that summary judgment "shall be rendered
forthwith if the pleadings, depositions, answers to interroga-
tories, and admissions on file, together with the affidavits, if
any, show that there is no genuine issue as to any material fact
and that the moving party is entitled to a judgment as a matter of
law." FED. R. CIV. P. 56(c).  The moving party must "demonstrate
the absence of a genuine issue of material fact." <u>Celotex Corp. v.
Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the
nonmovant to show that summary judgment should not be granted.
<u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th
Cir. 1998).  A party opposing a properly supported motion for
summary judgment may not rest upon mere allegations or denials in
a pleading, and unsubstantiated assertions that a fact issue exists
will not suffice.  <u>Id.</u>  "[T]he nonmoving party must set forth
specific facts showing the existence of a 'genuine' issue
concerning every essential component of its case." <u>Id.</u>

In considering a motion for summary judgment, the district
court must view the evidence "through the prism of the substantive
evidentiary burden." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct.
2505, 2513 (1986).  All justifiable inferences to be drawn from the

8

underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

To withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 106 S. Ct. at 2552.  If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted.  Id.

2.   <u>Analysis</u>

Plaintiff alleges retaliatory conduct under two statutes: (1) the Family and Medical Leave Act; and (2) Texas Local Government Code Chapter 160.006.   Document No. 45 (Plaintiff's Third Amended Complaint).

a.   <u>Family and Medical Leave Act</u>

Retaliation claims under the FMLA are analyzed using the burden-shifting framework enunciated in <u>McDonnell Douglas Corp. v. Green</u>, 93 S. Ct. 1817 (1973).  *See* <u>Hunt v. Rapides Healthcare Sys., LLC</u>, 277 F.3d 757, 768 (5th Cir. 2001).   Under this framework, plaintiffs must first establish a *prima facie* case that their employers retaliated against them for exercising FMLA rights. <u>Dutton v. Univ. Healthcare Sts., L.L.C.</u>, 136 F. App'x 596, 599 (5th Cir. 2005).   To establish a *prima facie* case, a plaintiff must show: "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not required leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave." <u>Hunt</u>, 277 F.3d at 768.   "[O]nce a *prima facie* case is established, a presumption of retaliation arises." <u>Dutton</u>, 136 F. App'x at 600.

"After the presumption is raised, however, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason

10

for terminating the employee." <u>Id.</u> (citing <u>Reeves v. Sanderson</u>
<u>Plumbing Prods., Inc.</u>, 120 S. Ct. 2097, 2106 (2000)).  This burden
on the employer is merely "one of production, not persuasion; it
can involve no credibility assessment." <u>Reeves</u>, 120 S. Ct. at
2106.  If the employer makes such a showing, then the plaintiff
must point to sufficient evidence establishing that the employer's
proffered reason is pretextual. <u>Dutton</u>, 136 F. App'x at 600
(citing <u>Reeves</u>, 120 S. Ct. at 2106).  Upon such a showing, summary
judgment will be appropriate only if there are unusual
circumstances that would preclude the trier of fact from finding
for the plaintiff. <u>McArdle v. Dell Prods., L.P.</u>, No. 07-51159,
2008 WL 4298840, at *6 (5th Cir. Sept. 22, 2008) (citing <u>Reeves</u>,
120 S. Ct. at 2108-2109).

Defendants argue that Plaintiff has failed to raise a *prima
facie* case of retaliation because (1) there is no evidence that
Plaintiff was an "employee" as defined by the FMLA; (2) there is no
evidence that Plaintiff suffered an adverse employment action; and
(3) there is no evidence establishing a causal link between
Plaintiff's exercise of FMLA rights and his termination.  Document
No. 56 at 19-23.  Additionally, Defendants assert that even if
Plaintiff has established a *prima facie* case of retaliation,
Defendants have offered a legitimate, non-discriminatory reason for
firing Plaintiff, and Plaintiff has failed to show that he would

11

not have been fired but for taking FMLA leave.  Document No. 56 at
15-17; Document No. 71 at 1-3.

(1)   <u>"Eligible employee" status under the FMLA</u>

Only an "eligible employee" is entitled to FMLA protection.
*See* <u>Rutland v. Pepper</u>, 404 F.3d 921, 923 (5th Cir. 2005).  The FMLA
excludes "personal staff members of public office holders" from
being considered "eligible employees."  <u>Id.</u>  The Fifth Circuit has
enumerated a non-exhaustive list of factors to determine whether a
plaintiff qualifies as "personal staff":

> (1) whether the elected official has plenary powers of
> appointment and removal;
>
> (2) whether the person in the position at issue is
> personally accountable to only that elected official;
>
> (3) whether the person in the position at issue repre-
> sents the elected official in the eyes of the public;
>
> (4) whether the elected official exercises a considerable
> amount of control over the position;
>
> (5) the level of the position within the organization's
> chain of command; and
>
> (6) the actual intimacy of the working relationship
> between the elected official and the person filling the
> position.

<u>Id.</u> at 924 (quoting <u>Teneyuca v. Bexar County</u>, 767 F.2d 148, 151
(5th Cir. 1985)).

Plaintiff's own deposition testimony describing his duties and
responsibilities as Chief Clerk and his relationship to Judge

12

Gorczynski establishes that he was Gorczynski's personal staff:
(1) Gorczynski had the authority to hire and fire Plaintiff
(Document No. 56, ex. A at 31); (2) Plaintiff was accountable only
to Gorczynski (Document No. 56, ex. A, deposition exhibit 3 at
1304); (3) Plaintiff represented the Court, and by implication,
Gorczynski, in the eyes of the public (Document No. 56, ex. A
at 36); (4) Gorczynski personally hired Plaintiff and supervised
him (Document No. 56, ex. A at 19, 31, 40-42); Document No. 56, ex.
B at 11 (Gorczynski Depo.)); and (5) Plaintiff and Gorczynski
worked closely together, at least until Plaintiff took FMLA leave
(Document No. 56, ex. A at 41 (Landreneau Depo.); ex. B at 15-16
(Gorczynski Depo.)).   Plaintiff also submitted a "Wage/Hour Law
Exemption" form to Harris County in August 2004 that described
Plaintiff's role as Chief Clerk.   Document No. 56, ex. A,
deposition exhibit #5.  On the first section of the form, Plaintiff
noted that he was the "Personal Staff/Policymaker" for Judge
Gorczynski.  Id. at 00102.  Plaintiff and Gorczynski signed the
form.  Id. at 00106.

Plaintiff quotes Rutland's language that "the personal staff
exception must be narrowly construed, and, the highly factual
nature of the inquiry necessary to the determination of the
'personal staff' exception does not lend itself well to disposition
by summary judgment." Rutland, 404 F.3d at 924 (internal citations
and quotations omitted).  That is so, but there are cases such as

13

Rutland itself where the personal staff exception has been determined as a matter of law. In Rutland, similar to the case at bar, the plaintiff, a deputy clerk, was found to be the personal staff of a Chancery Clerk and therefore not an "eligible employee" under the FMLA. Id.; see also Saddler v. Quitman County Sch. Dist., 278 F. App'x 412, 417-418 (5th Cir. 2008) (finding that the plaintiff's job "mirror[ed] closely the assistant's job in Rutland," and concluding that the plaintiff failed to raise a fact issue that her position was not "personal staff"). Plaintiff here conceded to the presence of virtually all of the Rutland evidentiary factors during his deposition, and the summary judgment evidence confirms that all of these factors were present. One top of that, Plaintiff declared on an employment form prepared by him that he was, in fact, Gorczynski's "Personal Staff/ Policymaker." Document No. 56, ex. A, deposition exhibit #5. In the absence of any controverting evidence, the summary judgment evidence conclusively establishes that Plaintiff was Gorczynski's "personal staff," and therefore was not an "eligible employee" under the FMLA.

        (2)    <u>Whether Defendants are equitably estopped from claiming Plaintiff is not an "eligible employee" under the FMLA</u>

Plaintiff alternatively argues that even if he is the "personal staff" of Judge Gorczynski, Defendants should be

equitably estopped from asserting that Plaintiff does not qualify
for FMLA because (1) Gorczynski personally approved Plaintiff for
FMLA leave, (2) the court sent Plaintiff a form used by Harris
County when placing employees on FMLA leave; (3) Plaintiff's
paycheck stubs reflected that he had taken FMLA leave; and
(4) Defendants remained silent about Plaintiff's eligibility for
FMLA leave.  Document No. 69 at 21-23.  Equitable estoppel may be
invoked to estop an employer from denying its employee's
eligibility for FMLA protection:

> [A]n employer who without intent to deceive makes a
> definite but erroneous representation to his employee
> that she is an "eligible employee" and entitled to leave
> under FMLA, and has reason to believe that the
> employee will rely upon it, may be estopped to assert a defense of
> non-coverage, if the employee reasonably relies on that
> representation and takes action thereon to her detriment.

Minard v. ITC Deltacom Commc'ns, Inc., 447 F.3d 352, 359 (5th Cir.
2006).  Thus, Plaintiff must show that he actually relied on
Defendants' representations when exercising his rights under the
FMLA.  Id. at 358.  In addition, Plaintiff must show that his
reliance was reasonable.  Id. (citing Heckler v. Cmty. Health
Servs. of Crawford County, Inc., 104 S. Ct. 2218, 2223 (1984); 3 J.
POMEROY, EQUITY JURISPRUDENCE §§ 805, 812 (S. Symons ed., 1941)).
In Heckler, the Supreme Court expanded on the reasonable reliance
standard by quoting POMEROY with approval:

> The truth concerning these material facts must be unknown
> to the other party claiming the benefit of the estoppel,
> not only at the time of the conduct which amounts to a
> representation or concealment, but also at the time when
> that conduct is acted upon by him. If, at the time when
> he acted, such party had knowledge of the truth, or had
> the means by which with reasonable diligence he could
> acquire the knowledge so that it would be negligence on
> his part to remain ignorant by not using those means, he
> cannot claim to have been misled by relying upon the
> representation or concealment.

Heckler, 104 S. Ct. at 2224 n.10 (quoting 3 J. POMEROY, EQUITY

JURISPRUDENCE § 810 (S. Symons ed. 1941)).  Here, Plaintiff took

FMLA leave on two instances, but the facts surrounding them differ.

### (a)   Plaintiff's March FMLA leave

The undisputed facts regarding Plaintiff's March FMLA leave

are as follows:  Plaintiff called in sick on Monday, March 12,

2007, because of his sinus condition.  Document No. 56, ex. A at

91.  He returned to work the next day and then left early.  Id.,

ex. A at 93-94.  That day, his doctor faxed a note to the court

stating: "Please excuse [Plaintiff] from 3/12 until further

notice."  Id., ex. A at 104; deposition exhibit #11.  On Friday,

March 16th, Martin Armendariz, executed and sent Plaintiff a form

entitled "Notice of Employee Responsibilities and Requirements"

stating that Plaintiff's leave was covered by the FMLA, and would

be backdated to March 12, 2007.  Document No. 69, ex. 3 (FMLA

notice).

Plaintiff has proffered no evidence supporting his contention that he would not have taken leave in March had he known he was ineligible for FMLA protection. *See* Durose v. Grand Casino of Miss. Inc., 251 F. App'x 886, 889-90 (5th Cir. 2007) (refusing equitably to estop the employer from contesting the plaintiff's FMLA eligibility because the plaintiff presented no evidence that she detrimentally relied on the employer's representations); Slentz v. City of Republic, 448 F.3d 1008, 1011 (8th Cir. 2006) (finding no reliance on any misrepresentation of FMLA eligibility because the plaintiff had already elected to have (and actually had) her surgery before receiving the letter that purportedly represented that she was eligible for FMLA leave); Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 797 n.4 (11th Cir. 2000) (finding no reliance because the plaintiff presented no evidence that she would not have taken leave had she been told that she was ineligible); Norquist v. City Finance Co., 173 F. Supp. 2d 537, 540 (N.D. Miss. 2001) ("There is absolutely no evidence before the court that plaintiff, who requested leave for the birth of her child, would not have taken leave even if defendant had denied her application for FMLA leave."). The summary judgment evidence here is that Plaintiff took leave because of his sudden sickness. Document No. 56, ex. A at 104, 187 ("[T]he first [surgery] was just to save my life. [The second surgery] was more of a cleanup."). In addition, Plaintiff has provided no evidence that he relied on his

eligibility for FMLA leave when determining when to return to work. *Compare* <u>Durose</u>, 251 F. App'x at 889-90 (refusing to apply equitable estoppel where the plaintiff presented *no evidence* that she would have come back to work on April 29th, which would have violated her doctor's order not to return until June 5th, had she known that her leave ended on April 28th), *with* <u>Minard</u>, 447 F.3d at 358-59 (holding that the plaintiff had created a fact issue regarding whether she detrimentally relied on her employer's statement that she was eligible for FMLA leave because she testified that had she known she was not eligible, she would have pursued other treatment options for her medical condition that did not require surgery). Plaintiff has failed to raise a fact issue that he actually relied on any statements or omissions by Defendants when he took his March leave. Therefore, Defendants are not estopped from asserting that Plaintiff was not an "employee" under the FMLA for Plaintiff's March leave. Plaintiff's claim of retaliation stemming from this first leave is therefore dismissed.

(b) <u>Plaintiff's September FMLA leave</u>

Plaintiff's second leave was from September 15 to September 30, 2007. It is uncontested that Judge Gorczynski in advance personally approved Plaintiff taking FMLA leave, and that neither the Judge nor Harris County contested Plaintiff's eligibility for FMLA protection until now. Unlike Plaintiff's March leave,

18

Plaintiff asked Judge Gorczynski for permission to take this second FMLA leave nearly a month in advance of when it began.  Document No. 56, ex. A, deposition exhibits 29-30.  According to Plaintiff's testimony, his second leave was not a medical emergency as his first leave had been.  Document No. 56, ex. A at 104, 187.  A reasonable juror arguably could infer from the summary judgment evidence that Plaintiff took the leave in *actual* reliance on Judge Gorczynski approving him as eligible for FMLA leave.  *See* Minard, 447 F.3d at 359 (finding a fact issue whether the plaintiff detrimentally relied on employer's statement that she was eligible for FMLA because the plaintiff proffered evidence that if she knew she was not eligible, she would have pursued other medical leave options).

Another fact issue is also present as to whether it was *reasonable* for Plaintiff to rely on Defendants' conduct indicating that he was eligible for FMLA protection, especially in light of his elevated position as Chief Clerk, who was also charged to do legal research, and his role, in his words, as Judge Gorcynski's "Personal Staff/Policymaker."  Accordingly, there are fact issues on whether Defendants are equitably estopped from asserting that Plaintiff is ineligible for FMLA protection.[2]

_____

[2] Defendants ask this Court to apply the stricter estoppel standard enunciated in Linkous v. United States, 142 F.3d 271 (5th Cir. 1998), which requires evidence of "affirmative misconduct" to estop the federal government.  "Affirmative misconduct" means that the government made an affirmative misrepresentation or affirma-

(3)   Retaliation for taking September FMLA leave if
      estoppel does apply

Although there is considerable evidence that Plaintiff's announcement to file and run against Judge Gorczynski for election as Justice of the Peace Precinct No. 1, Place 1, was the reason for his discharge, Plaintiff has submitted at least some evidence sufficient to raise a genuine issue of material fact on his retaliation claim based on his September FMLA leave.  The motion for summary judgment on this claim will therefore be denied.

b.   Texas Local Government Code § 160.006

Plaintiff asserts that he was terminated in retaliation for filing a grievance on July 24, 2007, against Judge Gorczynski under Chapter 160 of the Texas Local Government Code.  Document No. 45

---

tively concealed a material fact.  Id. at 278.  Plaintiff argues that the Fifth Circuit has applied this heightened test only when the government agency is being estopped from applying its own policies.  See, e.g., Barnes v. Symeonides, 44 F.3d 1005, 1995 WL 10518, at *4 (5th Cir. 1995) (per curiam) (refusing to estop a state law school from enforcing its tuition collection policies).  Here, on the other hand, Plaintiff is seeking to estop a county from applying a federal statute.  According to Plaintiff, Defendant Harris County's government status is irrelevant because it is subject to the FMLA just like any other non-government employer.  Regardless, determination of "affirmative misconduct," if that should be the standard here, entails inquiry into the actor's state of mind, which tends to be highly fact intensive.  See Parsley v. City of Columbus, Ohio Dept. of Pub. Safety, 471 F. Supp. 2d 858, 869 (S.D. Ohio 2006) (finding that the jury should resolve the state of mind issues pertaining to "affirmative misconduct" where government employee whose job it was to track FMLA leave told plaintiff that she had reached "enough hours" to be eligible for FMLA).

(Third Amended Complaint); Document No. 56, ex. A, deposition exhibit #31 (Plaintiff's grievance).   As is the case for Plaintiff's FMLA retaliation claim for his September leave, Plaintiff has proffered evidence sufficient to raise a genuine issue of material fact on his § 160.006(a) retaliation claim.   The motion for summary judgment on this claim will likewise be denied.

### III.   Order

        For the reasons set forth, it is

        ORDERED that Defendants Motion to Dismiss Plaintiff's Defamation Claim (Document No. 53) is GRANTED; and it is further

        ORDERED that Defendants' Motion for Summary Judgment on Plaintiff's Retaliation Claims (Document No. 56) is GRANTED in PART as follows: summary judgment on Plaintiff's FMLA claim is GRANTED with respect to Plaintiff's March 2007 leave, and Plaintiff's Motion for Summary Judgment is otherwise in all respects DENIED.

        The Clerk shall notify all parties and provide them with a true copy of this Order.

        SIGNED at Houston, Texas, on this 22nd day of January, 2009.


                              EWING WERLEIN, JR.
                        UNITED STATES DISTRICT JUDGE